UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **POWER ADVISORY LLC;** | ) Case No.: |
| | ) |
| **MARIA NAVARRO CASTILLO;** | ) Agency No.: IOE9869802506 |
| | ) |
| Plaintiffs, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| | ) |
| **U.S. CITIZENSHIP AND IMMIGRATION** | ) |
| **SERVICES**; | ) |
| | ) |
| **MARKWAYNE MULLIN**, Secretary of the U. | ) |
| S. Dept. of Homeland Security, in her official | ) |
| capacity; | ) |
| | ) |
| **JOSEPH B. EDLOW**, Director of the U. S. | ) |
| Citizenship and Immigration Service, in his | ) |
| official capacity; | ) |
| | ) |
| **CARRIE M. SELBY,** Acting Associate Director | ) |
| for USCIS Service Center Operations | ) |
| Directorate, in her official capacity, | ) |
| | ) |
| Defendant(s) | ) |
| | ) |

Plaintiff Power Advisory LLC, a Massachusetts corporation; and Maria Navarro Castillo,

employee of the same; through counsel, alleges as follows:

## I.     INTRODUCTION

1.  This case arises from Defendants' abrupt and unlawful termination of Plaintiff Employer's

approved H-1B petition for their employee, Ms. Maria Navarro Castillo. Defendants

arbitrarily and capriciously terminated this H-1B status without notice, legal basis, or

procedural safeguards required by statute and regulation. As a result, Plaintiff Employer and Ms. Navarro Castillo faces immediate and irreparable harm, including loss of lawful immigration status, forced cessation of employment, accrual of unlawful presence, and the inability to return to the United States after temporary international travel to Canada.

2. Plaintiff seeks relief under the Administrative Procedure Act to set aside the unlawful termination, restore the validity of the approved H-1B petition, and a temporary restraining order preventing the Department of Homeland Security from terminating its H-1B status and restraining the Department from refusing Ms. Navarro admission to the United States pursuant to her existing H-1B visa.

## II.    JURISDICTION AND VENUE

3. This case arises under the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., and the regulations governing the INA and the APA.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, specifically, the Mandamus and Venue Act of 1962, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus." 28 U.S.C. § 1361. Further, the All Writs Act provides that "the Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

5. The Court may grant relief under the Administrative Procedures Act, the Mandamus and Venue Act of 1962, the All Writs Act, and the Declaratory Judgment Act. 5 U.S.C. § 702;

28 U.S.C. § 1361; 28 U.S.C. § 1651; 28 U.S.C. § 2201. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005).

6. Venue in the District of Massachusetts is proper because Plaintiff Power Advisory LLC is a Massachusetts corporation based in Concord, Massachusetts. This action "may . . . be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action." *Id*. Defendants are officers or employees of the United States, or agencies thereof, acting in their official capacities, and a substantial part of the events or omissions giving rise to the claims occurred in this district. *Id*.

### III.    PARTIES

7. Plaintiff Power Advisory LLC is a Massachusetts Limited Liability Company organized in 2007. Its principal place of business is 22 Devins Street, Concord MA 01742. Power Advisory LLC filed the underlying Form I-129, Petition for a Nonimmigrant Worker, which was approved by the Defendant USCIS on December 13, 2025.

8. Plaintiff Maria Navarro Castillo is a citizen and national of Nicaragua. She is an employee of Power Advisory LLC and the recipient of the revoked H-1B. She was admitted to the United States in H-1B status on January 11, 2026. She ordinarily resides at 115 Norway St, Apt. 1, Boston MA 02115.

9. U.S. Citizenship and Immigration Services ("USCIS") is an agency of the U.S. Department of Homeland Security ("DHS") and is responsible for the adjudication of affirmative applications for immigration benefits, including the immigration petition that is the subject of this complaint. USCIS is responsible for the legal wrongs committed against Plaintiffs.

10. Defendant Markwayne Mullin ("Secretary Mullin") is the Secretary of the Department of Homeland Security. This action is brought against Secretary Mullin in his official capacity.

In this capacity, he is charged with enforcement of the INA and is further authorized to delegate such powers and authority to subordinate employees of DHS. As an agency within DHS subject to the Secretary of DHS's supervision, Secretary Mullin's authority has in part been delegated to USCIS. DHS is an "agency" within the meaning of the APA. *See* 5 U.S.C. § 551(1). In this capacity, Secretary Mullin is responsible for legal wrongs committed against Plaintiffs.

11. Defendant Joseph B. Edlow ("Director Edlow") is the Director of USCIS. This action is brought against Director Edlow in his official capacity. In this capacity, he is charged with supervisory authority over all operations of USCIS with certain specific exceptions not relevant here. 8 C.F.R. § 2.1; 8 C.F.R. § 100.1. USCIS is an "agency" within the meaning of the APA. *See* 5 U.S.C. § 551(1). In this capacity, Director Edlow is responsible for legal wrongs committed against Plaintiffs.

12. Defendant Carrie M. Selby ("Ms. Selby") is the Acting Associate Director for the USCIS Service Center Operations Directorate. This action is brought against Ms. Selby in her official capacity. In this capacity, she is charged with the supervision of the USCIS Service Centers, including the Texas Service Center responsible for the revocation of this I-129 petition. Ms. Selby is responsible for legal wrongs committed against Plaintiffs.

## IV.    LEGAL AND REGULATORY FRAMEWORK

13. The H-1B nonimmigrant classification permits U.S. employers to employ foreign nationals in specialty occupations in the United States. See INA § 101(a)(15)(H)(i)(b), 8 U.S.C. § 1101(a)(15)(H)(i)(b).

14. USCIS regulations at 8 C.F.R. § 214.2(h)(11) govern revocation of approved H-1B petitions. Subsection (i) addresses discretionary revocation "on notice." Subsection (ii) addresses "automatic" revocation.

15. Under 8 C.F.R. § 214.2(h)(11)(ii), approval of an H 1B petition is "immediately and automatically revoked" only upon narrow, specified events, including when:

• The petitioner ceases operations; or

• The petitioner files a written withdrawal of the petition; or

• In certain contexts, the underlying labor certification is revoked.

16. Automatic revocations under 8 C.F.R. §214.2(h)(11)(ii) are treated as non-appealable, unlike revocations "on notice." As a result, parties must seek relief via reopening, reconsideration, or judicial review under the APA.

## V. FACTUAL ALLEGATIONS

17. On June 27, 2025, Plaintiff Power Advisory LLC petitioned USCIS to classify Ms. Navarro as a temporary nonimmigrant worker in H-1B status. Ms. Navarro was already employed by Power Advisory under a different nonimmigrant status. On December 13, 2025, USCIS approved that H-1B petition (Agency Case No. IOE9869802506).

18. Plaintiff Maria Navarro then attended a visa interview at the U.S. Embassy in Nicaragua. The U.S. State Department, through its consular mission, approved Ms. Navarro for a nonimmigrant visa.

19. On January 11, 2026, Ms. Navarro was admitted to the United States in H-1B status, valid until September 30, 2028.

20. Ms. Navarro continued to work for Power Advisory LLC from January 11, 2026 until the purported visa revocation.

21. On April 15, 2026, Defendant USCIS issued a "Revocation of Nonimmigrant Petition" (Revocation Notice).[1] The Revocation Notice stated: "On December 13, 2025, USCIS approved the petition. On January 21, 2026, USICS received your [Power Advisory LLC] request to withdraw the petition. As of January 21, 2026, the approval of your petition is automatically revoked per 8 CFR 214.2(h)(11)(ii). All adjudicative action in this matter from USCIS is complete. An automatic revocation cannot be appealed."

22. This is false. Neither Plaintiff requested withdrawal of the petition.

23. Neither Plaintiff sent any correspondence to USCIS regarding the petition at all. On January 14, 2026 Plaintiff Maria Navarro requested that her OPT Stem Extension request be withdrawn, as she was no longer eligible due to her admission in H-1B status. To the extent, if any, that USCIS interpreted this correspondence as a request for a withdrawal of the H-1B, USCIS was incorrect and the request was not made by the H-1B Petitioner.

24. The regulatory requirements for automatic revocation under 8 C.F.R. § 214.2(h)(11)(ii) were not met, where Plaintiff Power Advisory LLC has remained a going concern; has not ceased operations, merged, or otherwise dissolved; where the Plaintiff did not request withdrawal; and where the Plaintiff did not terminate the Plaintiff Beneficiary's employment; and where the Department of Labor has not revoked the labor certification upon which the petition is based.

25. Instead, Power Advisory LLC has continuously employed Ms. Navarro.

26. On April 10, 2026, relying on the valid H-1B nonimmigrant visa in her possession, Plaintiff Maria Navarro departed the United States for temporary travel to Canada. She was still in Canada when the Plaintiff Power Advisory LLC received the Revocation Notice.

---

[1] Although the Revocation Notice was dated April 15, 2026; the notice itself was postmarked by the United States Postal Service on April 13, 2026.

27. Upon information and belief, Ms. Navarro cannot reenter the United States due to the purported revocation of this petition. Additionally, this erroneous automatic revocation creates immediate and ongoing harm to both Plaintiffs, including:

    a. Disruption and legal uncertainty regarding Beneficiary's H-1B status and employment authorization,

    b. Interference with Power Advisory LLC's ability to lawfully employ Ms. Navarro,

    c. Loss of Ms. Navarro's ability to enter the United States, reside in the United States temporarily, extend or change her status, ability to obtain health care insurance, or change to a different employer.

28. Plaintiffs immediately notified Defendant USCIS of the error; however, there is no adequate remedy other than judicial review given Ms. Navarro's inability to enter the United States.

## VI.    CLAIMS FOR RELIEF

**COUNT I: AGENCY ACTION NOT IN ACCORDANCE WITH LAW – 5 U.S.C. § 706(2)(A),(B),(C)**

29. All previous paragraphs are incorporated, repeated, and realleged as though fully set forth herein.

30. The INA and its implementing regulations only permit USCIS to automatically revoke an approved H-1B petition when regulatory requirements are met.

31. Plaintiff did not cease operations, did not file a written withdrawal, and did not notify USCIS that Ms. Navarro's employment had ended, and did not suffer a revocation of the Department of Labor LCA. Therefore, they cannot satisfy the regulatory prerequisites to automatic termination.

32. By treating the petition as "automatically revoked," USCIS has exceeded its statutory and regulatory authority and has acted contrary to law, in violation of 5 U.S.C. §706(A),(C).

## COUNT II – ABRITRARY AND CAPRICIOUS AGENCY ACTION - 5 U.S.C. § 706(2)(A)

33. All previous paragraphs are incorporated, repeated, and realleged as though fully set forth herein.

34. USCIS's determination that Power Advisory LLC requested withdrawal is plainly erroneous.

35. USCIS has failed to reasonably investigate whether any valid employer withdrawal had been submitted.

36. Treating the petition as automatically revoked on a non-appealable basis is arbitrary, capricious, and not in accordance with law. 5 U.S.C. §706(2)(A).

## COUNT III – FINAL AGENCY ACTION UNLAWFULLY WITHHOLDING OR DENYING RIGHTS - 5 U.S.C. § 706(2)(B)

37. All previous paragraphs are incorporated, repeated, and realleged as though fully set forth herein.

38. Because of this unlawful action, Ms. Navarro's constitutional rights, including her due process rights and her right to travel. *See* Saenz v. Roe, 526 U.S. 489 (1999), U.S. Const. Art IV §2; U.S. Const. amend XIV §1. Specifically, Ms. Navarro has been severed from her lawful temporary residence in Massachusetts because of the revocation purporting to occur during temporary travel to Canada.

39. The approved H-1B petition conferred important legal interests on both Plaintiffs, including: (a) Employer's right to employ Beneficiary in H-1B status for the approved

validity period; and (b) Beneficiary's right to rely on that approval for H-1B status, employment authorization, and related immigration benefits.

40. The arbitrary and capricious revocation of status frustrates these Constitutional rights and legal interests. 5 U.S.C. § 706(2)(B).

## COUNT III: RELIEF UNDER THE EQUAL ACCESS TO JUSTICE ACT

41. All the foregoing paragraphs are repeated and realleged as though fully set forth herein.

42. To the extent that Defendants' actions in this matter are not supported by substantial justification, attorneys' fees are appropriate. The EAJA, as amended, provides for the award of costs and attorneys' fees to a prevailing party in litigation against the U.S. or one of its agencies. 5 U.S.C. § 504; 28 U.S.C § 2412. The EAJA has been invoked to justify the award of attorneys' fees and costs in immigration cases. *See, e.g., Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154 (1990).

43. The position of Defendants was not and is not substantially justified under the EAJA. 28 U.S.C. §2412 (d)(1)(A).

44. Thus, Power Advisory LLC is eligible to receive compensation under the EAJA if it prevails in this action. *Id*.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendants and that the Court grant the following relief:

a. Declare pursuant to 28 U.S.C. §2201 that Defendant USCIS's automatic revocation of Plaintiff's H-1B petition under 8 C.F.R. §§214.2(h)(11)(ii) was unlawful, in excess of

statutory and regulatory authority, contrary to constitutional right, arbitrary and capricious, and otherwise not in accordance with law;

b.  Set aside and vacate the automatic revocation of the H-1B petition;

c.  Order Defendants to reopen or otherwise correct USCIS records to reflect that the H-1B petition remains approved and was not lawfully or automatically revoked;

d.  Enjoin Defendants from relying on the erroneous revocation in the future adjudication of any petitions or applications relating to the Plaintiffs;

e.  Enjoin Defendants from relying on the erroneous revocation to deny Ms. Navarro admission into the United States in H-1B status after temporary foreign travel;

f.  Award Plaintiffs reasonable attorneys fees and costs under the Equal Access to Justice Act, 28 U.S.C. §2412, and any other applicable authority and

g.  Grant any other relief as the Court deems fit and proper.

Dated this: 22nd Day of April, 2026.

Respectfully Submitted,
GORTON LAW LLC

/s/ Jamie H. Gorton
Jamie H. Gorton, Esq.
214 Commercial Street, #104
PO Box 469
Malden MA 02148
(978) 219-4529
jgorton@gorton.law
MA BBO: 688721

## ATTACHED EXHIBITS

A.  USCIS I-129 Approval Notice, IOE9869802506
B.  Most recent I-94 for Plaintiff Maria Navarro
C.  Payroll records, demonstrating ongoing employment
D.  Affidavit of John Dalton, President and agent of Power Advisory LLC
E.  Affidavit of Maria Navarro, Plaintiff and beneficiary
F.  Revocation Notice dated April 15, 2026.